# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RONALD NEIL JOSEPH, SR., et al.,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et. al.,

    Defendants.

2:09-cv-00966-HDM-LRL

**O R D E R**

Before the court is defendants' Emergency Motion to Compel Discovery (#24, filed July 13, 2010). The court has reviewed the motion, plaintiffs' Opposition (#26), plaintiff's Corrected Response (#27), and defendants' Reply (#26).

Plaintiffs[1] in this § 1983 action allege that defendants Las Vegas Metropolitan Police Department ("LVMPD") and Sgt. Sara Bradshaw used excessive force when Sgt. Bradshaw shot and killed Ronald Neal Joseph, Jr ("decedent"). Pursuant to the court's order on defendants' Motion to Dismiss (#10), the claims that remain are: the decedent's estate's Fourth Amendment claim for excessive force; the estate's Fourteenth Amendment claim alleging an equal protection violation on the basis of the decedent's race; Janie's Fourteenth Amendment due process claim for loss of familial companionship; and Ronald's Fourteenth Amendment due process claim for loss of familial companionship. *See* Minutes (#15).

Discovery closes on December 31, 2010. Scheduling Order (#23). On April 8, 2010, defendants

---

[1] Plaintiffs are: (1) the decedent's father, Ronald Joseph, Sr., asserting claims as an heir ("Ronald"); (2) the decedent's mother, Janie Joseph, asserting claims as an heir ("Janie"); and (3) Ronald Joseph, Sr. as the administrator of the decedent's estate (hereinafter "the Administrator") asserting claims on behalf of the estate.

provided a Rule 26 disclosure statement that included all known witnesses, documents, radio/dispatch transmissions, photographs, and witness statements regarding the incident. Mot. (#24) at 4 and Exh. 2. On April 12, 2010, plaintiffs served their Rule 26 initial disclosures. Plaintiffs listed as witnesses the witnesses already disclosed by defendants. *Id.* at 4. The disclosure provided that, "Plaintiffs have not yet made a computation of damages. Damages will, however, include, but not limited to, medical expenses, funeral expenses, deterioration of physical health, mental anguish, stress, loss of income, loss of relationship, love and comfort, and/or loss of enjoyment of life." *Id*. at Exh. 3 p.4. Plaintiffs stated that they would "submit into evidence any evidence" which supports their claims but did not specify what that evidence may include. *See id.* at p.2. Plaintiffs have not supplemented the disclosure. *Id.*

On April 15, 2010, defendants served separate written discovery requests including Interrogatories and Requests to Produce on Ronald as heir, Janie as heir, and the Administrator. Mot. (#24) at 5; Exhs. 5-9. On May 24, 2010, Ronald and Janie as heirs provided a "combined" set of answers as their response to defendants' discovery. *See id.* at Exhs. 10-11. The Administrator did not respond to discovery. On May 28, 2010, defendants sent a detailed letter to plaintiffs individually addressing each of the disputed interrogatory answers and demanding supplementation. *Id.* at Exh. 13. Among other things, defendants requested that each of the three plaintiffs answer the discovery separately and that each plaintiff complete the initial disclosures, including a computation of damages. In that letter, defendants also requested that plaintiffs provide three dates on which the plaintiffs would be available for deposition in Las Vegas.[2] *Id.*

On June 30, 2010, plaintiffs provided a response to the purported deficiencies noted in defendants' letter. Plaintiffs' response provided combined supplemental answers from Ronald and Janie to three of the disputed interrogatories. Mot. (#24) at Exh. 15. Plaintiffs refused to provide any relevant records/bills incurred by them as a result of their son's death on grounds that such records are protected under HIPPA. *See id.* The response made no mention of the interrogatories served on the

---

[2] Plaintiffs reside in Baton Rouge, Louisiana.

2

1  Administrator, nor did plaintiffs produce documents or respond to defendants concerns regarding the
2  initial disclosures. Plaintiffs further indicated that they would appear for deposition only in Baton
3  Rouge, LA. *Id.* Email correspondence ensued, but the parties were unable to resolve their differences.
4  On July 8, 2010, the parties held a telephonic "meet and confer" conference on the issues. Defendants
5  filed the instant Motion to Compel on July 13, 2010.

6  Defendants seek an order compelling (1) the Administrator to serve answers to the
7  interrogatories and requests to produce without objections; (2) plaintiffs Ronald and Janie as heirs to
8  serve separate answers to the written discovery served upon them and supplement their answers to
9  Interrogatory Nos. 9, 10, 11, 12, 15, 16, 17, and 19; (3) plaintiffs Ronald and Janie as heirs to provide
10 detailed responses to the Requests to Produce and cite the very exhibit supporting their contention; (4)
11 all plaintiffs to provide a computation of damages pursuant to Rule 26; and (5) plaintiffs to travel to Las
12 Vegas to attend their depositions. Mot. (#24) at 18-19. Additionally, defendants ask the court to award
13 attorney's fees and costs for bringing the motion (#24). *Id.* at 19.

**Discussion**

15 The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681,
16 685 (9th Cir. 1988). The scope of discovery is governed by Rule 26, which allows "discovery regarding
17 any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R.
18 Civ. P. 26(b)(1). Relevancy is to be construed broadly to encompass any matter that bears on, or that
19 reasonably could lead to other matter that bears on, any issue that is or may be in the case. *See*
20 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also* Fed. R. Civ.
21 P. 26(b)(1). A court may limit discovery if it determines, among other things, that the discovery is
22 unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less
23 burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely
24 benefit. Fed. R. Civ. P. 26(b)(2).

**Computation of Damages**

26 Pursuant to Rule 26(a)(1)(A)(iii), a party's initial disclosures must contain a "computation of

each category of damages claimed by the disclosing party ... including materials bearing on the nature and extent of injuries suffered." A party claiming damages has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be. *6-26 Moore's Federal Practice - Civil* § 26.22. Plaintiffs seek compensatory, special, and punitive damages. Complaint (#1) at ¶ XV. Plaintiffs have not provided defendants with a computation of damages, nor do they address this portion of defendants' Motion to Compel (#24). Their failure to do so may result in exclusion of such evidence pursuant to Rule 37.

**Defendants' Request That Plaintiffs Supplement Answers to Written Discovery**

Defendants each served a set of interrogatories and a set of requests for production on each plaintiff. The discovery served on Janie and Ronald was essentially identical, while the discovery served on the Administrator involved distinct categories geared toward the estate's claims. Janie and Ronald provided a "combined" answer to the written discovery, while the Administrator did not respond at all. Defendants request that each plaintiff be ordered to individually respond to written discovery. In addition, defendants ask the court to order Janie and Ronald to supplement their answers to Interrogatory Nos. 9, 10, 11, 12, 15, 16, and 19. Plaintiffs maintain that defendants propounded an inappropriate number of interrogatories and that a single, "combined" response is appropriate.

<u>Plaintiffs' Claim of Excessive Interrogatories</u>

Defendants have served a total of 150 interrogatories on plaintiffs, of whom, by defendants' count, there are three. Plaintiffs state that defendants' assertion that there are three plaintiffs "is simply absurd," but do not elaborate further. Opp'n (#26) at 7. Defendants maintain that Janie and Ronald cannot be considered a single plaintiff in this matter, because they each shared a separate relationship to the decedent. Hence, the injury, whether "mental anguish, stress, loss of income, loss of relationship, love and comfort with their son . . . and/or loss of enjoyment of life," Complaint (#1) at 6, will be distinct as to each parent; that the plaintiff parents "are married does not mean that they enjoyed an identical relationship with the Decedent." *See* Mot. (#24) at 9; Reply (#28) at 4. The court finds that

4

1    Janie Joseph and Ronald Joseph, Sr. as plaintiff heirs in this matter, each claiming a loss of
2    companionship, are two separate plaintiffs, and must each provide individual answers to the
3    interrogatories. The Administrator likewise acts as a separate plaintiff in this action insofar as he is
4    asserting a Fourth Amendment claim for excessive force and a Fourteenth Amendment Equal Protection
5    claim on behalf of the estate. These are not, technically, the claims of Ronald Joseph, Sr., but of the
6    estate. The Administrator, therefore, is a separate claimant asserting claims which are distinct from the
7    heirs' claims.

8        Pursuant to Rule 33, each party is allowed to serve 25 interrogatories on each other party. As
9    explained, there are three plaintiffs: Ronald, Janie, and the Administrator. There are two defendants,
10   the LVMPD and Sgt. Bradshaw. Each defendant is entitled to serve on each plaintiff 25 interrogatories,
11   which number totals 150. This is what defendants have done; it is not improper. Each of the plaintiffs,
12   Janie as an heir, Ronald as an heir, and the Administrator must individually answer defendants'
13   discovery.

14       <u>Interrogatory Nos. 9, 10, 15, 16, and 17</u>

15       These five interrogatories generally seek information relating to the relationship between the
16   plaintiff heirs and their deceased son, including time spent with the decedent in the year preceding his
17   death; vacations taken with decedent in the three years preceding his death; all activities plaintiff and
18   the decedent participated in; what role plaintiff(s) played in the financial support of the decedent in the
19   three years prior to his death; and plaintiff(s)' knowledge of the days decedent spent in jail in the three
20   years preceding his death. Plaintiffs state, "This absurd and overly broad line of questioning was
21   propounded solely for the improper purpose of embarrassing, harassing, unduly burdening and
22   oppressing these grieving parents." Opp'n (#26) at 10. The court cannot agree with plaintiffs. These
23   categories of questions are directly relevant to both Ronald's and Janie's claim of a liberty interest in
24   the loss of companionship of their son. Moreover, plaintiffs' repeated boilerplate objection to the
25   interrogatories is not appropriate. An objection should state with particularity what the party alleges
26   to be objectionable such that the propounding party may respond. *See* Rule 33(b)(4) ("All grounds for

5

an objection to an interrogatory shall be stated with specificity.") Ronald and Janie must individually supplement their answer(s) to the interrogatories.

Interrogatory No. 11

Interrogatory No. 11 inquires whether, as a result of the alleged occurrence, the plaintiff has contacted any medical professionals or any mental health counselors. Plaintiff heirs in the combined response, objected to Interrogatory No. 11, but stated, "Plaintiff(s) have contacted both medical professionals and counselors since their son's death." The combined answer may be an answer in the affirmative to the interrogatory; however, as explained above, plaintiffs must provide an individual response to the interrogatory.

Interrogatory No. 12

Interrogatory No. 12 requests that if the answer to No. 11 is affirmative, plaintiff identify the medical professional or counselor, "including the name, address, and inclusive dates for each visit or consultation." Although plaintiffs answered Interrogatory No. 11 in the affirmative, they refuse to provide such information without a protective order, on the ground that the information is protected under HIPAA and the patient-doctor privilege applies.[3]

Generally, "[t]he privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified." *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003) (citing *Soto*, 162 F.R.D. at 618). Interrogatory No. 12 does not ask for plaintiffs' private medical information. The interrogatory merely asks for the name and location of relevant provider(s) and the date(s) on which plaintiffs sought care. This is relevant information inasmuch as plaintiffs claim that death of their son caused them to seek medical treatment, and they pray for compensation for the care. It is also information which should have been provided with plaintiffs'

---

[3] Plaintiffs cite *E.R. Squibb & Sons, Inc. v. Accident and Cas. Ins. Co.*, 853 F. Supp. 98 (S.D.N.Y. 1994). Other than the single quote, "confidentiality of medical information dealing with identifiable individuals is an interest recognized under Fed.R.Civ.P. 26(c)," *E.R. Squibb*, 853 F. Supp. at 103, that opinion is unrelated to the facts presented here. Moreover, the opinion does not provide any analysis relevant to providing the names and addresses of a medical provider. Nor are the underlying facts in that matter remotely similar to the facts presented here.

initial disclosures. *See* Rule 26(a)(1) (Each party, without awaiting a discovery request, must provide the other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses ..."). Ronald and Janie must individually provide a complete answer to Interrogatory No. 12.

Interrogatory No. 19

Interrogatory No. 19 seeks the identity of "any witness to the alleged occurrence who has told Plaintiff[s], either verbally or in written form that Sgt. Bradshaw used excessive or unnecessary force." Ronald and Janie objected in the combined response that the interrogatory "seeks a response covered by attorney/client, work product privilege and/or any other privileged communication or information" and seeks information not relevant to the litigation. Mot. (#24) at 15. Plaintiffs further asserted the information "is readily available to and withing the actual knowledge and control of Sgt. Bradshaw and the Las Vegas Metropolitan Police Department." *Id.*

Defendants maintain that plaintiffs have yet to generate any evidence to suggest excessive force, and thus at the very least should be required to identify by bates stamp numbers the information they believe establishes liability in this matter. *Id.* In their opposition, plaintiffs reproduced this interrogatory and their combined answer, but they do not make any argument regarding the interrogatory. *See* Opp'n (#26) at 9-10. Hence, defendants representations and arguments are unchallenged. Ronald and Janie each must provide an answer to the interrogatory and provide defendants with the bates stamp numbers of the documents they believe to establish liability in this matter.

Requests for Production of Documents

Defendants next complain that plaintiffs responded to only one set of defendants' requests to produce documents, despite each plaintiff having been served with requests. Again, Ronald and Janie provided a "combined" response, while the Administrator did not respond at all. Defendants' "primary frustration is Plaintiffs' refusal to produce 'any and all medical bills of the Plaintiffs related to the

complained of acts alleged in the Complaint," which is Request No. 5.  Mot. (#24) at 15.  Plaintiffs objected to this Request "on grounds of the Doctor/Patient Privilege, and that the documents sought are protected in accordance with the Health Insurance Portability and Accountability Act ("HIPAA") privacy rules. . . . Plaintiffs will provide Defendants with the requested information upon execution of a valid Protective Order to be determined and agreed upon by the parties herein." *Id.* at Exh. 11.  In response to defendants' Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15, the plaintiffs refer defendants to documents "in control of Defendants," but do not specify which documents in control of defendants are responsive to each request.  The Requests, Nos. 7 - 15, generally request production of evidence supporting plaintiffs' theory of liability.  Defendants request the court to order plaintiffs to provide the documents requested in Request No. 5 and to identify by bates stamp number the documents relevant to Request Nos. 7 - 15.

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Rule 26(b)(1).  A party may seek an order compelling discovery if the other party "fails to respond that inspection will be permitted — or fails to permit inspection — as requested under rule 34." Rule 37(a)(3)(B)(iv). An evasive or incomplete response must be treated as a failure to respond. Rule 37(a)(4).

Plaintiffs do not address the portion of defendants' motion related to the Requests for Production.  Accordingly, plaintiffs do not provide any support for the assertion that medical bills, as opposed to plaintiffs' detailed medical records, are protected under any privilege or HIPAA.  Moreover, the cost of medical care related to this matter is relevant to a computation of damages in this case.  In any event, plaintiffs' failure to oppose this portion of the motion constitutes consent to the granting of the relief requested.  *See* LR 7-2(d).  For that reason, and for good cause otherwise shown, plaintiffs will be ordered to individually respond to the requests served on each of them.  In addition, Janie and Ronald must provide a full response to Request No. 5 and identify by bates stamp number the documents in defendants' possession which are purportedly responsive to Request Nos. 7 - 15, inclusive.  To the

extent that an objection is appropriate, it must be stated with particularity, including legal support.

**Deposition Location**

Defendants noticed plaintiffs for deposition in Las Vegas, NV. The depositions are currently scheduled for August 23, 2010. Plaintiffs, who reside in Baton Rouge, LA, assert that they would suffer severe financial hardship were they forced to travel to Las Vegas for deposition. Opp'n (#26) at 13; Joseph Aff., *id.* at Exh. 10. Additionally, plaintiffs represent that Janie suffers physical ailments which limit her ability to travel. *Id.* Plaintiffs state that they would participate in Baton Rouge in person or by video conference. Opp'n (#26) at 13. Finally, plaintiffs assert that this portion of the motion to compel related to the depositions is premature.

"As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1994) (quoting Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2212 (1994). It is the plaintiffs' burden "to show good cause for varying from the normal rule." *Rock Springs*, 185 F.R.D. at 604. Other than conclusory assertions that travel to Las Vegas would subject them to severe financial hardship and Janie's travel is limited by unspecified ailments, plaintiffs fail to make a showing of "extreme hardship." *See id.* While plaintiffs filed an affidavit to support their argument, the affidavit does not provide any factual support for plaintiffs' assertions. Plaintiffs have not met their burden to show good cause why they cannot travel to Las Vegas for face-to-face depositions. Additionally, the court finds that the motion to compel deposition is not filed prematurely, inasmuch as the parties had discussed the issue, including the exchange of legal arguments, and come to an apparent impasse. Plaintiffs must attend their deposition in Las Vegas.

**Defendants' Request for Sanctions**

Where a motion to compel is granted, the court must award the prevailing party its reasonable expenses, including attorney's fees, unless: (1) the movant failed to meet and confer in good faith before filing the motion; (2) the responding party's objection was substantially justified; or (3) other circumstances would make an award of expenses unjust. Rule 37(a)(5). None of the exceptions apply

here. Accordingly defendants' request for sanctions in the form of reasonable expenses, including attorney's fees, will be granted.

IT IS THEREFORE ORDERED that defendants Motion to Compel (#24) is GRANTED to the extent that, not later than August 27, 2010:

1. Ronald Joseph, Sr., as a plaintiff heir, shall serve an individual set of answers to defendants' Interrogatories and Request for Production of Documents. He is further ordered to supplement his responses to Interrogatory Nos. 9, 10, 11, 12, 15, 16, 17, and 19, as described above; to supplement his response to the Request for Production of Documents to provide a complete production for Request No. 5; and to identify by bates stamp number the documents in defendants' possession which are purportedly responsive to Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15. Any proper objection to a request or interrogatory must be stated with particularity and accompanied by a relevant argument.

2. Janie Joseph shall serve an individual set of answers to defendants' Interrogatories and Request for Production of Documents. She is further ordered to supplement his responses to Interrogatory Nos. 9, 10, 11, 12, 15, 16, 17, and 19, as described above; to supplement her response to the Request for Production of Documents to provide a complete production for Request No. 5; and to identify by bates stamp number the documents in defendants' possession which are purportedly responsive to Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15. Any proper objection to a request or interrogatory must be stated with particularity and accompanied by a relevant argument.

3. Ronald Joseph, Sr., in his capacity as administrator of decedent's estate, shall respond to the defendants Interrogatories and Requests for Production of Documents served on him as the Administrator. Any proper objection to a request or interrogatory must be stated with particularity and accompanied by a relevant legal argument.

IT IS FURTHER ORDERED that, not later than August 27, 2010, each plaintiff shall provide a computation of damages.

IT IS FURTHER ORDERED that plaintiffs shall appear for deposition in Las Vegas, NV at a time and location convenient to the parties.

IT IS FURTHER ORDERED that plaintiffs shall pay the reasonable expenses, including attorney's fees and costs, incurred by defendant in bringing the Motion (#24).

IT IS FURTHER ORDERED that defendant's counsel shall file an affidavit of fees and costs not later than August 20, 2010.

IT IS FURTHER ORDERED that in all other respects the motion (#24) and plaintiffs' countermotions are DENIED.

DATED this 13th day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**