# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RONALD NEIL JOSEPH, SR., *et al.*,

        Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et. al.*,

        Defendants.

2:09-cv-00966-HDM-LRL

**O R D E R**

    Before the court is plaintiffs' Motion to Compel (#36). The court has considered the motion (#36), defendants' Opposition (#38), and plaintiffs' Reply (#44). For the following reasons the motion will be granted in part.

    Plaintiffs in this § 1983 action allege that defendants Las Vegas Metropolitan Police Department ("LVMPD") and Sgt. Sara Bradshaw used excessive force when Sgt. Bradshaw shot and killed Ronald Neal Joseph, Jr ("decedent"). Pursuant to the court's order on defendants' Motion to Dismiss (#10), the claims that remain are: the decedent's estate's Fourth Amendment claim for excessive force; the estate's Fourteenth Amendment claim alleging an equal protection violation on the basis of the decedent's race; the decedent's parents' Fourteenth Amendment due process claims for loss of familial companionship. *See* Minutes (#15).

    Discovery closes on December 31, 2010. Scheduling Order (#23). On June 9, 2010, plaintiffs served their First Set of Interrogatories and First Request for Production of Documents. Defendants timely answered the discovery on July 6, 2010. On July 20, 2010, plaintiffs served the LVMPD defendants with a Notice of Deficiency and Discovery Responses, in which plaintiffs objected to defendants' responses to Interrogatory Nos. 4, 5, 6, 7, 8, 9, and 11 and defendants' responses to Request

for Production Nos. 1, 3, 5, 7, and 8. Mot. (#36) at Exh. 3. Plaintiffs demanded supplementation within one week, by July 27, 2010. *Id.*

On July 22, 2010, defendants provided a privilege log to supplement its response to Request No. 1. Opp'n (#38) at Exh. 5. On July 27, 2010, defense counsel asked for a three week extension, until August 20, 2010, to address plaintiffs' concerns. *Id.* at Exh. 6. Plaintiffs' counsel refused the three week extension and instead allowed defendants until July 30, 2010 to supplement the discovery. *Id.* at Exh. 7. On July 28, 2010, defendants asked for an extension until August 9, 2010 to respond, but hearing nothing back from plaintiffs, responded on July 29, 2010. In their letter to plaintiffs, defendants set forth specific case law and arguments in support of their responses. Plaintiffs responded by letter on August 4, 2010 but did not address defendants' individual legal arguments. The parties held a Rule 37 teleconference on August 11, 2010. On August 17, 2010, defendants provided additional supplemental responses. Mot. (#36) at Exh. 7. Plaintiffs filed the instant Motion to Compel (#36) on September 14, 2010. Through their Motion (#36), plaintiffs seek an order of the court compelling defendants "to immediately produce complete, non-evasive responses to Interrogatories 5, 6, 7, 8, 9, and 11; and Requests for Production of Documents 1, 2, 3, 5, 7, and 8." *Id.* at 2. Plaintiffs also ask the court to award sanctions in the form of attorneys fees and costs associated with bringing the motion.

**Discussion**

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b)(1). Relevance within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.*; Rule. 26(b)(1). However, a court may limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less

burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2). The party opposing discovery has the burden of demonstrating that the discovery is overly broad, unduly burdensome, or not relevant. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2000) (citation omitted). To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable. *Id.* (citation omitted). "Boilerplate, generalized objections are inadequate and are tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citations omitted).

**Interrogatory No. 5**

*Please identify by date, any and all shootings involving any LVMPD officer, including Sara Bradshaw, that have occurred between January 1, 2003 and the date of your response hereto. This response must describe each incident with specificity, including the name, date(s) of employment, race, address, and telephone number of the officer(s) who committed the shooting, as well as the name, race, address, and telephone number of the person who was shot. Please include the name, address and telephone number of any attorneys, agents, and/or representatives of the person shot and/or their surviving family, and whether/how each complaint was resolved.*

Defendants object to this interrogatory on grounds of undue burden, harassment, annoyance and expense to defendant LVMPD. Defendants further object that most of the information sought would be irrelevant and unlikely to lead to the discovery of admissible evidence. Additionally, defendants assert that any information regarding the identity of any individual that may have been investigated or shot by LVMPD is private and confidential and would require a release from the individuals involved. Plaintiffs maintain that the information is relevant to their claim that LVMPD has engaged in a custom, pattern and practice that systemically fosters and supports the use of excessive deadly force by officers. Mot. (#36) at 5. Specifically, plaintiffs state, LVMPD's "knowledge and indifference to the routine use of excessive deadly force by its police officers – prior shootings, and the victims of those shootings are 'relevant' to the claims and/or defenses asserted in this lawsuit...."

First, defendants' objection of overbreadth is not unreasonable. Plaintiffs request information related to *any and all* shootings involving any LVMPD police officer for a 7.5 year period, which far exceeds the scope of the claims brought in this action. This case revolves around theories of racial profiling, excessive force used by a single officer, and allegations of a departmental pattern, custom and

3

practice of fostering use of excessive force. While in the context of civil rights excessive force cases against police departments, courts have concluded that plaintiffs may suffer great difficulties if courts impose demanding relevancy standards on them, *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68 (N.D. Cal. 1987), parties still must craft their discovery requests to capture those matters reasonably calculated to lead to admissible evidence. Despite defendants' objections and explanations, plaintiffs have made no attempt to narrow the scope of the interrogatory so as to focus on information related to excessive force and/or racial profiling. Plaintiffs do not even attempt to explain why they need information about all shootings, which would necessarily include information about wholly unrelated matters, such as accidental shootings among others, for over seven years, nor do they provide any legal authority to support the production of such a breadth of information. Additionally, the interrogatory seeks the personal information of individuals who are not a party to this action, most of whom, given the scope of the interrogatory, are unlikely to have information that bears on the claims in this matter.

Defendants suggest as an appropriate compromise that they identify by name all § 1983 lawsuits that involve allegations of excessive force from an officer involved shooting for a five year period. Plaintiffs have not accepted this compromise, nor have they suggested any other compromise. Notably, in their Reply (#44) plaintiffs refer the court to the arguments in their Motion (#36); however, the motion doesn't address defendants' arguments regarding overbreadth or their proposed compromise. The court finds defendants' suggested compromise to be eminently reasonable. Defendants will be required to identify by name all §1983 lawsuits that involve allegations of excessive force in an LVMPD officer involved shooting for a five year period.

**Interrogatory No. 6**

*Please identify by name, address, telephone number, and dates and reason for each visit, each and every psychologist, psychiatrist, and/or mental health professional/ counselor who has evaluated interviewed, examined, treated and/or counseled Sara Bradshaw as a condition of her initial or continuing employment with the LVMPD, and/or at any time, for any reason, during her tenure with the LVMPD.*

Plaintiffs' Complaint alleges that "LVMPD failed to adequately monitor and properly supervise

4

Bradshaw, who had just shot another person under color of law approximately three (3) months prior to this incident. Officer Bradshaw was not fit for duty and should not have been allowed to carry a gun; nor should she have been allowed to participate in, or respond to a situation of the nature which resulted in the death of Ronald Neal Joseph, Jr." Complaint (#1) at ¶ IX.  Plaintiffs maintain that the information requested in Interrogatory No. 6 is directly related to a showing that Bradshaw was not fit for duty on the day she shot Ronald Neil Joseph, Jr. or will lead to the discovery of relevant information. Defendants cite *Jaffee v. Redmond,* 518 US 1 (1996), for the proposition that the federal psychiatrist-patient privilege bars disclosure of the information.

It is the policy of LVMPD, according to its Police Employees Assistance Program ("PEAP"), that any officer involved in a shooting is required to enter the assistance program.  Sherwood Aff. at ¶ 2.  As part of the program, the employee sees a counselor. *Id.* at ¶ 3.  To ensure confidentiality, the LVMPD does not receive any medical records of any provider regarding the officer's counseling or evaluation, nor does it have any direct contact with the treating medical providers. *Id.* at ¶ 5, 6. LVMPD receives notice only when an individual has been cleared to return to work. *Id*. at ¶ 7.  Based on these assertions, LVMPD is unable to provide information that is responsive to Interrogatory No. 6.

Although Bradshaw may be able to provide the information, the interrogatory as drafted seeks a breadth of information which exceeds the bounds of the allegations.  This is a claim against the LVMPD, for its alleged failure "to adequately monitor and properly supervise Bradshaw, who had just shot another person under color of law approximately three (3) months prior to this incident."  Whether and to what extent Bradshaw sought or engaged in mental health counseling or treatment outside of the work context is both private and unrelated to the instant matter.  It is already known that Bradshaw was required to undergo counseling as part of PEAP as a result of the shooting which occurred three months prior to the incident underlying the instant lawsuit.  Bradshaw must respond to the interrogatory, but only to the extent that she identify by name, address, telephone number and dates for each visit, the counselor provided under PEAP as a result of the shooting which occurred three months prior to the incident underlying the instant lawsuit.

5

**Interrogatory No. 8**

*Please identify and describe with specificity, any and all policies and/or procedural guidelines promulgated/adopted/utilized/followed by the LVMPD between January 1, 2003 and the date of your response hereto, related to the use of deadly force.*

Defendants lodged an objection that the time frame for which information was requested – 7.5 years – is excessive. They further represent that they produced responsive information covering a five year period, from 2005 to present. Plaintiffs' concern appears to be that they want the guidelines in effect at the time of Bradshaw's prior shooting, which occurred in either 2006 or 2007. Mot. (#36) at 10. Policies covering these years have already been produced. Plaintiffs do not explain why they want the policies pre-dating 2005 or how those years' guidelines are relevant to this action.

**Interrogatory No. 11**

*Please list and describe with specificity any and all electronic media of any kind that was transmitted, produced, recorded, obtained, examined, reviewed, and/or that is or has at any time been in the possession of the LVMPD, its agents, officers, attorneys and/or representatives, related in any way to events leading up to, during and/or after the shooting of Ronald Neal Joseph, Jr. This response must include, but is not limited to any media evidencing calls from any citizen regarding a disturbance and/or crime in progress, LVMPD radio transmissions, 911 audio recordings, and/or any video surveillance from June 6, 2006 at or in proximity to the Terrible Herbst Store at Flamingo and Lindell where Ronald Neal Joseph Jr. was shot.*

Defendants represent that they have produced all known material responsive to this request with their initial disclosure. Plaintiffs demand that defendants "should be ordered to state with specificity whether any of its agents, officers, attorneys and/or representatives ever *transmitted, produced, recorded, obtained, examined, reviewed* or were ever *in possession* of any additional responsive information that have not been disclosed." Mot. (#36) at 12 (emphasis in original). In response, defendants represent that no other electronic medium has ever been reviewed or is in the LVMPD's possession and further that there are no other items responsive to this request. Opp'n (#38) at 14. It is axiomatic that defendants cannot produce that which does not exist.

**Request No. 1**

*The Personnel/Employee/Human Resources Record of Sara Bradshaw, in its entirety, including, but not limited to, initial resume and/or application, all job descriptions, all performance evaluations, any and all education and training (including any diversity and/or racial sensitivity training) during her*

6

*tenure with LVMPD, any and all commendations and/or recognition for excellence and/or outstanding performance, any and all promotions, any and all complaints/grievances filed by or against her from any source, any and all documents related to any disciplinary actions taken against her, any and all performance improvement plans during her employment with Defendant LVMPD*

Defendants object to the production of Bradshaw's entire personnel file on privacy and overbreadth grounds and have provided plaintiffs with a privilege log. Plaintiffs have not requested any individual document listed in the privilege log but instead demand the entire file. Defendants, standing by their objections, suggested an *in camera* review of the documents in the file, which plaintiffs rejected. Plaintiffs do not explain what specific, relevant information they wish to locate in Bradshaw's personnel file, nor why they cannot narrow their request based on the privilege log provided by defendant.

Though federal courts recognize a general right to privacy, the resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. *Soto*, 162 F.R.D. at 621. As to police officer personnel files, courts have recognized privacy rights, ( *Kelly*, 114 F.R.D. at 660; *Denver Policemen's Protective Ass'n. v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinez v. City of Stockton*, 132 F.R.D. 677, 681 (E.D. Cal.1990)), and have determined that they should be given "some weight" if they are protected by state constitutions or statutes. *Kelly*, 114 F.R.D. at 656. These privacy interests must, however, be balanced against the great weight afforded to federal law in civil rights cases against police departments. *Kelly*, 114 F.R.D. at 660.

The information contained in Bradshaw's personnel files is unlikely to be available from any other source than defendants' files. *Kelly*, 114 F.R.D. at 667. Also, there is a strong public interest in uncovering civil rights violations by police officers. *Id.* at 660. Those interests would be substantially harmed if access to relevant portions of the requested personnel files were denied. Repeatedly, courts have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents. *Martinez v. City of Stockton*, 132 F.R.D. 677, 683 (E.D.Cal.1990); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal.1993); *Miller*, 141 F.R.D. at 301 (C.D. Cal.1992). This does not mean, however, that plaintiffs are entitled to unfettered

access to the personnel records at issue. Accordingly, courts routinely order the parties to enter into an appropriate protective order to protect the personnel records that are disclosed. *See e.g. Soto*, 162 F.R.D. at 617; *Martinez*, 132 F.R.D. at 683. Plaintiffs shall review the privilege log provided by defendants and identify what documents from Bradshaw's personnel file are arguably relevant to the action and therefore should be produced. The parties must meet and confer regarding production and to jointly draft an appropriate protective order.

**Request No. 2**

*Any and all records of any kind from each and every psychologist, psychiatrist, and/or mental health professional/counselor who has evaluated, interviewed, examined, treated and/or counseled Sara Bradshaw as a condition of her initial or continuing employment with the LVMPD, and/or at any time, for any reason, during her tenure with the LVMPD.*

Defendants object to the request on grounds that it violates Bradshaw's privacy rights and the psychiatrist/patient privilege. Moreover, as explained in defendants' Opposition (#38), neither LVMPD nor Bradshaw are in possession of the requested records. Rather, as explained, *supra*, the LVMPD maintains the confidence of such files through a policy of nondisclosure from the treating professional. The LVMPD represents that "the medical professional who treats the involved officer simply provides a 'return to work' form once the officer is deemed able to resume their professional duties." Opp'n (#38) at 9. The court agrees with plaintiffs that such a document is responsive to Request No. 2. Because it has been disclosed to LVMPD, even if it arguably could fall within the psychiatric/patient privilege, it is privileged no longer. *See Phelps v. Coy*, 194 F.R.D. 606 (S.D. Ohio 2000) (holding that the psychiatrist/patient privilege did not protect information learned by a psychologist where she evaluated the officer at the behest of his municipal employer and disclosed the information to the employer); *see also Barrett v. Vojtas*, 182 F.R.D. 177 (W.D. Pa. 1998) (holding psychotherapist-patient privilege did not apply to conversations and notes taken during counseling sessions with psychiatrist and psychologist where officer was ordered by borough officials to be examined by them, and both doctors subsequently submitted certain reports to borough officials); *Kamper v. Gray*, 182 F.R.D. 597 (E.D. Mo. 1998) (psychotherapist-patient privilege did not apply to communications, reports, notes,

documents, and test scores resulting from county police officers' counseling sessions with mental health professionals where county had required officers to undergo psychological evaluations on two occasions as part of their employment, and evaluation results were subsequently submitted to employer). Defendants must produce the relevant return-to-duty forms.

**Request No. 7**

*Defendant LVMPD's Human Resources Policies and Procedures, Human Resources and/or Employee Handbook(s) in effect between January 1, 2003 and the date of Defendants' response herein, including but not limited to any policies related to the disposition and/or requirements for officers involved in any shooting, and/or Safety Handbooks. (This response should include any and all updates, revisions and/or alterations to any such policies).*

LVMPD has already produced its use of force policies and procedures. LVMPD objects to producing its entire policy and procedures handbook as overly broad, insofar as the instant litigation concerns the relatively narrow issues of excessive force and racial profiling. Additionally, defendants offered to make the entire manual available for plaintiffs to view at defense counsel's office. Plaintiffs rejected this suggestion, so defendants sent a copy of the table of contents to plaintiffs' counsel to allow plaintiffs to identify those sections believed to be relevant so that further discussion could be held. Plaintiffs also rejected this suggestion.

Plaintiffs do not explain why they must have the entire manual, including those sections related to matters such as uniforms, grooming, driving, juveniles, and fiscal affairs, or how these sections could be relevant to their claims. That defendant need only photocopy the entire manual and send it is not an argument as to the relevance of the entire manual within the meaning of Rule 26. LVMPD's concerns regarding dissemination of its entire manual without adequate justification to do so is not unreasonable, nor was the suggestion to limit production to only those sections that arguably relate directly to the claims and defenses in this action. Hence, plaintiffs may choose sections, based on the table of contents provided to them by defendants, that appear to be relevant to plaintiffs' claims for defendants to produce. The parties shall meet and confer, if necessary, to come to agreement.

**Interrogatory No. 7 and Request Nos. 5**

Because Interrogatory No. 7 and Request No. 5 are similar and overlapping, and defendants'

objections and arguments as to each are based on similar, if not identical grounds, the court considers them together.

**Interrogatory No. 7**

*Please identify and describe with specificity any and all grievances, complaints, and/or lawsuits, whether verbal and/or in writing, made against Defendants Sara Bradshaw and/or the LVMPD for alleged excessive force and/or violations of any person's Civil and/or Constitutional Rights, including, but not limited to allegations of violations of any person's Fourth and/or Fourteenth Amendment rights, 42 USC 1983, 42 USC 1981, racial discrimination and/or racial profiling, between January 1, 2003 and the date of Defendants' response to these interrogatories. This response should detail any investigation conducted by Defendants, State Police, the FBI and/or any investigating agency/entity as a result of any such grievance, complaint and/or lawsuit and the status/outcome of such investigation.*

**Request No. 5**

*Any and all documents, memoranda and/or records of any kind evidencing and/or relating to any grievance, complaint, lawsuit, and/or claims of excessive force and/or violations of any person's Civil and/or Constitutional Rights, including, but not limited to allegations of violations of any person's Fourth and/or Fourteenth Amendment rights, 42 USC 1983, 42 USC 1981, racial discrimination and/or racial profiling, between January 1, 2003 and the date of Defendants' response to these interrogatories. This request includes such allegations against any employee, officer, manager, or representative of Defendant LVMPD, including but not limited to Sara Bradshaw.*

Defendants argue that the interrogatory is overbroad in that it seeks information relating to matters wholly unrelated to plaintiffs' claims. Specifically, as defendants note, plaintiffs seek information regarding § 1981 cases and all civil and constitutional rights grievances, complaints, and lawsuits arising under § 1983. Section 1981 is not at issue in this case, a point which plaintiffs concede. Mot. (#36) at Exh. 5, p.3. However, although defendants pointed out during the Rule 37 conference that §1983 covers a broad range of litigation, most of which is wholly unrelated to the instant claims, plaintiffs refused to narrow the scope of the interrogatory to those § 1983 claims which may be related to the instant claims. Opp'n (#38) at 12. Defendants also assert that the privacy and confidentiality rights of citizens and officers would be violated by disclosure of such information. Defendants further suggest as an appropriate compromise that they identify by name all section 1983 lawsuits that involve allegations of excessive force in an officer involved shooting for a five year period. *Id.* Finally, on grounds that plaintiffs' counsel allegedly "refused to discuss how unrelated § 1983 claims were relevant or require disclosure," defendants ask that the court strike the entire interrogatory as a sanction. *Id.*

The court agrees that the interrogatory and request are overbroad in scope and time frame, as well as vague. The instant Complaint arises under § 1983 and asserts violations of the Fourth and Fourteenth Amendments. Although plaintiffs have conceded that information related to § 1981 claims is not relevant, they have not otherwise narrowed their obviously broad request with regard to the information about § 1983 "grievances, complaints, and lawsuits." In their Reply, plaintiffs merely refer the court to the contentions made in the Motion (#36). Plaintiffs' motion does not address the defendants' arguments regarding overbreadth and vagueness, nor do plaintiffs explain how information unrelated to the claims and defenses in the instant action is somehow reasonably calculated to lead to the discovery of admissible evidence.

With regard to the defendants' privacy and confidentiality arguments, courts have held that in the context of civil rights cases such as the instant matter, the privacy interests of defendant-officers and citizen complainants are low, "and in the absence of special circumstances, little weight should be given to Defendants' interest in preserving the anonymity of these citizen complainants." *Soto*, 162 F.R.D. at 621 (citing *Kelly*, 114 F.R.D. at 666) (ordering production of citizen complaints subject to protective order). Defendants must identify by name any written complaint of excessive force or racial profiling and all §1983 lawsuits that involve allegations of excessive force in an LVMPD officer involved shooting for the five year period preceding defendants' response in this action. Defendants shall also produce any documents related to any citizen complaint of excessive force for the five year period preceding defendants' response to this action. While privacy interests do not bar production of relevant complaints, the parties must meet and confer to draft an appropriate protective order.

**Request No. 8**

*Any and all documents of any kind which evidence any claims, lawsuits, grievances, complaints and/or investigations conducted by any agency and/or entity related to alleged excessive force and/or violations of any person's Civil and/or Constitutional Rights by any LVMPD Police Officer, including, but not limited to allegations of violations of any person's Civil and/or Constitutional Rights by any LVMPD Police Officer, including, but not limited to allegations of violations any person's discrimination and/or racial profiling, between January 1, 2003 and the date of Defendants' response to this Request for Production of Documents. This request includes, but is not limited to any reports, letters, memos, emails and/or correspondence of any kind whatsoever; and includes the allegations made herein by Plaintiffs Ronald Neal Joseph, Sr. and Janie Pitre Joseph.*

1  Defendants object to Request No. 8 as vague, ambiguous, overbroad, unduly burdensome, and
2  not reasonably calculated to lead to admissible evidence. Defendants also worry that release of
3  information regarding internal investigations may impinge on the privacy and confidentiality of both
4  the officers and alleged victim in any such complaint of investigation.  Finally, defendants have
5  asserted, "Naturally, LVMPD would not have any documents from any other agencies or entities
6  investigating its use of force.  This request to produce is more appropriately directed towards the
7  agencies that may have these documents." Mot. (#36) at Exh. 7.  Plaintiffs argue that defendants have
8  not asserted any privilege.  Moreover, plaintiffs state that  "Defendants acknowledged understanding
9  that this request addressed documents related to investigations conducted by other agencies or entities
10 outside of LVMPD," *Id.* at 16, and contrary to LVMPD's assertion,  "the natural inclination would be
11 to assume that the results of any such investigation would be shared with LVMPD. . . ."

12 Request No. 8 demands production of information far exceeding the scope of the instant
13 litigation, insofar as the request seeks "any and all documents" from "any claims, lawsuits, grievances,
14 complaints and/or investigations" regarding "excessive force and/violations of any persons' Civil and/or
15 Constitutional rights" by an LVMPD officer.  Like Interrogatory No. 7 and Request No. 5, such a
16 request is obviously overbroad in the context of this action dealing specifically with claims of excessive
17 force and racial profiling.  Therefore, to the extent that defendants do have information responsive to
18 this request, production will be limited to only that responsive information that relates to investigations
19 by outside entities or agencies regarding use of excessive force or racial profiling by LVMPD officers.
20 Defendants' privacy concerns, especially as to nonparties to the action, are well taken, but as explained,
21 *supra*, do not outweigh plaintiffs' need for information relevant to their claims.  The parties must meet
22 and confer to work out an appropriate protective order to protect the privacy and confidentiality of
23 nonparty identities and information.

24 **Interrogatory No. 9 and Request No. 3**

25 In their Reply (#44), plaintiffs state, "Defendants failed to address Plaintiffs representations and
26 arguments regarding Interrogatory No. 9 and Request for Production No. 3.  Same should, therefore,

12

be deemed *unchallenged* and Defendants should be ordered to immediately supplement in accordance with Plaintiffs' Requests." Reply (#44) at 3. Notably, plaintiffs did not submit points or authorities in support of their motion to compel responses to either Interrogatory No. 9 or Request No. 3. Hence, the motion to compel as to Interrogatory No. 9 and Request No. 3 must be denied. *See* LR 7-2(d).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion to Compel (#36) is granted in part. Defendants must supplement their responses to Interrogatory Nos. 5, 6, and 7 and Request For Production Nos. 1, 2, 5, 7, and 8 consistent with the discussion above.

IT IS FURTHER ORDERED that the parties shall, not later than December 30, 2010, file an appropriate protective order as discussed above.

IT IS FURTHER ORDERED that in all other respects the motion (#36) is DENIED.

DATED this 10th day of December, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**