# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RONALD NEIL JOSEPH, SR., *et al.*,  )
)
        Plaintiffs,  )
)    2:09-cv-00966-HDM-LRL
v.  )
)    **O R D E R**
LAS VEGAS METROPOLITAN POLICE  )
DEPARTMENT, *et. al.*,  )
)
        Defendants.  )
)

    Before the court is plaintiffs' Motion to Extend Discovery Deadlines (#53), to which defendants filed an Opposition (#55), and plaintiffs a Reply (#57). Also before the court is plaintiffs' Motion for Entry of Protective Order (#60), filed pursuant to the court's Order (#56), to which defendants filed a Response (#65), and plaintiffs a Reply (#68). The court has considered the motions (#53, 60), defendants' responses, and plaintiffs' replies.

**Motion for Entry of Protective Order (#60)**

    On December 10, 2010, the court granted in part plaintiffs' Motion to Compel (#36). Because some of the information subject to the court's order for production is private, confidential, or otherwise sensitive, the court predicated its production order on the parties' execution of an appropriate confidentiality and protective order. The court ordered the parties to meet and confer, draft such an order, and file it not later than December 30, 2010.

    The parties took different approaches to the court's order. Plaintiffs narrowly construed the order and drafted a protective order to apply only to that information the court ordered defendants to produce, and which the court had specifically identified as requiring the execution of a protective order. Defendants proposed a much broader and more general order, which would protect the information at

issue in the court's Order (#56) as well as other potential issues, such as any third-party claim to protection.

On December 17, 2010, defendants sent their proposed protective order to plaintiffs. On December 20, 2010, plaintiffs requested the proposed order in a different format, and defendants complied that day. On December 27, 2010, plaintiffs responded to defendants' proposed order, stating that they "object to your proposed protective order as it is overly broad and oppressive. Attached is a proposed protective order, which incorporates essential parts of your proposed order." Exh. 4 to Resp. (#65). On December 29, 2010, defendants responded to plaintiffs' proposed protective order and specifically noted that plaintiffs had not specified which sections of defendants' proposed protective order were "overly broad and oppressive." Exh. 5 to Resp. (#65). Defendants took the position that their proposed protective order adequately addresses the issues raised in the court's Order (#56) and explained that "the Nevada Federal Court has already approved this Order on numerous occasions." *Id.* Defendants then stated that they could not agree to plaintiffs' proposed order on grounds that "it misrepresents the Courts' December 12, 2010 Order (#56)," and "unnecessarily limits the documents that either party may identify as confidential." *Id.* Defendants represented that their proposed order would adequately protect both parties "and allow[] both parties the latitude to identify currently unknown documents as confidential in the future." *Id.*

Plaintiffs sent a letter via email on December 30, 2010, regarding their concerns about the proposed protective order and also responding to other discovery matters. There plaintiffs stated, "we disagree on the overbreadth and oppressive nature of your proposed protective order. To address your specific question, we have adopted the parts of your proposed protective order that we did not find overly broad and/or oppressive. That is, every part of your order that was **not incorporated** into Plaintiffs [sic] proposed compromise were found to be overbroad and/or oppressive." Exh. 1 to Reply (#68) (emphasis in original). Plaintiffs' counsel, Alfreda Tillman Bester, continued, "I cannot think of any circumstances where a Federal Court would impose this kind of oppressive 'protective order,' unless it was a matter of national security, or if opposing counsel had no objections. However, for the

needs of this case, Plaintiffs' Draft Proposed Protective Order more than provides the necessary protections." *Id.* Defense counsel, Craig Anderson, replied to Bester's email that day, indicating that he was away from the office and would be unable to open the letter until Monday, January 3, 2011. He asked if counsel could discuss the protective order and other discovery disputes at that time. Bester filed the instant Motion for Entry of Protective Order (#60) that day.

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1); *see also Oppenheimer Fund*, 437 U.S. at 351. Nevertheless, the court has the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery requests. Rule 26(c).

Here, the order to execute an appropriate confidentiality and protective order grew out of the need to protect the defendants' court ordered production. Although plaintiffs complain generally that defendants' proposed protective order is so oppressive that it is more appropriate for "a matter of national security," they simply do not explain *how* the defendants' protective order would be oppressive to them. Such a showing requires more than hyperbole. While the defendants' proposed order reaches beyond the scope of the instant production ordered in the court's Order (#56), it does not limit the production ordered by the court. Nor do plaintiffs allege as much. As defendants note, plaintiffs' proposed order, though more literally tailored to the language in the court's Order (#56), is also vague to the extent it doesn't address such matters as how the parties should handle confidential material contained in such matters as court filings, depositions, or trial, *see* Resp. (#65) at 3, nor does it provide definitions pertinent to such a protective order.

Inasmuch as defendants' proposed protective order is well-drafted, addresses the confidentiality

1 concerns currently at issue while reducing the likelihood of the parties' future court intervention
2 regarding confidentiality issues, and absent a substantive and concrete argument of "oppression" or for
3 modification from plaintiffs, the court would enter it as the protective order in this case. Defendants'
4 proposed protective order is too broad in one respect, however: the proposed order fails to take into
5 account the law of this Circuit as it applies to protective orders that would require the sealing of
6 discovery materials that are either (1) attached to case dispositive motions, responses or replies as
7 exhibits or (2) offered into evidence at trial.

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

16 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).
17 To justify the sealing of discovery materials attached to non-dispositive motions, a particularized
18 showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached
19 to dispositive motions, however, a higher threshold is required: a particularized showing that compelling
20 reasons support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling
21 reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response
22 or reply), such materials become a part of a judicial record, and as such "are public documents almost
23 by definition, and the public is entitled to access by default." *Id.* With these standards in mind, the
24 court will order defendants to file an amended protective order consistent with the requirements of
25 *Kamakana v. City and County of Honolulu*.
26 . . .

**Motion to Extend Discovery Deadlines (#53)**

Pursuant to the court's April 6, 2010 Scheduling Order (#23), discovery closed on December 31, 2010. Plaintiffs filed the instant motion (#53) on December 3, 2010, seeking an order extending by ninety days the deadlines for discovery cutoff, dispositive motions, and the filing of the joint pretrial order. Plaintiffs allege that defendants have slowed the progress of discovery by providing evasive and incomplete discovery. Plaintiffs further assert, information that is the subject of their Motion to Compel (#36), which the court granted in part after the filing of the instant motion, is crucial to their preparation for depositions. Defendants maintain that it is plaintiffs who have slowed the progress of discovery through their lack of diligence and cooperation. Moreover, defendants argue, plaintiffs are in possession of any and all information necessary to move forward with their depositions.

The most recent discovery cutoff date of December 31, 2010 has passed. The court recently granted in part plaintiffs' Motion to Compel (#36), *see* Order (#56), which is now before the presiding district judge on plaintiffs' Motion for District Judge to Reconsider Order (#59, filed December 27, 2010). A hearing on the motion (#59) is scheduled for February 3, 2011. Defendants cannot complete production of certain information as directed in the court's Order (#56), until the filing of the protective order at issue *supra*. Additionally, still pending before the undersigned is plaintiffs' Motion to Compel (#61, filed January 3, 2011), which was fully briefed on January 18, 2011. Therefore, due to the delays resulting from discovery motion practice, the court in its discretion will amend its scheduling order as to all pending deadlines. Any further requests for extensions of the discovery deadlines must be accompanied by a strong showing of diligence and good cause.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion for Entry of Protective Order (#60) is denied.

IT IS FURTHER ORDERED that not later than **February 2, 2011**, the defendants shall submit for approval of the court an amended proposed protective order that is consistent with the requirements of *Kamakana v. City and County of Honolulu*.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Discovery Deadlines (#53) is

granted to the extent that the following deadlines shall apply in this case:

        Discovery cutoff                       March 3, 2011

        Dispositive motions                 April 4, 2011

        Joint Pretrial Order                 May 4, 2011

DATED this 27th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**