UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD NEIL JOSEPH, SR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:09-cv-00966-HDM-LRL |
| v. ) | |
| ) | **O R D E R** |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter comes before the court on plaintiffs' Motion to Compel (#61). The court has considered the motion (#61), the respondent's Opposition and Request for *In Camera* Review (#64), and plaintiffs' Reply (#67). Also before the court are the respondent's Attorney Notes Regarding Coroner's Inquest Testimony and Supplemental Submission, both submitted for *in camera* review pursuant to Minute Orders (#78) and (#81).

    On December 10, 2010, respondent, Office of the District Attorney of Clark County, accepted service of a subpoena *duces tecum* from plaintiffs. Respondent produced responsive documents but withheld one document as privileged attorney work product. The document at issue contains notes prepared by Chief Deputy District Attorney, Christopher J. Laurent, in preparation for the coroner's inquest into the officer involved shooting of plaintiffs' son, Ronald Neil Joseph, Jr. This shooting is the predicate for the plaintiffs' § 1983 action. Plaintiffs filed the instant motion (#61) to compel production of the document on ground that the Rule 26(b)(3) work product privilege, on its face, does not prevent production of the document because, (1) the district attorney's office is neither a party nor a representative of a party to the instant lawsuit; and (2) the notes prepared for the inquest were not prepared in anticipation of litigation. For the following reasons, the motion (#61) will be granted.

**Discussion**

The work product doctrine protects "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *see also* Fed. R. Civ. Proc. 26(b)(3)(A) (the work product doctrine protects against the disclosure of documents and tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative. . . ."). Assertion of work product is not assertion of a privilege, *per se*, but rather assertion of a qualified immunity. *Doubleday v. Ruh*, 149 F.R.D. 601, 605 n.3 (E.D. Cal. 1993) (citing *Admiral Ins. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989). At its core the work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). The doctrine applies in both civil and criminal cases. *Id.* at 236. The party asserting the work product rule has the burden of establishing, for each document, the rule's application. *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005).

The Ninth Circuit has declared, "[Rule 26(b)(3)], on its face, limits protection to one who is a party. . . to the litigation in which the discovery is sought." *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). While noting that "some courts have extended the work product privilege outside the literal bounds of the rule," the court concluded "that the rule, on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Id.* (citations omitted); *see United States v. Graham*, 555 F. Supp. 2d 1046, 1050 (N.D. Cal. 2008) (discussing *In re Cal. Pub. Utils. Comm'n* and declining to apply federal common law to expand work product protection to cover non-parties).

This court is unable to locate, and neither party has provided, precedent on the specific issue of whether work product immunity applies to attorney notes prepared in anticipation of a coroner's inquest. However, courts in this and other jurisdictions have held that the privilege is unavailable in the analogous situation where a prosecutor in a prior criminal investigation later objects to discovery of

work product by a litigant in a related lawsuit. *See e.g. Doubleday*, 149 F.R.D. at 606 (specifically limiting conclusion to a prior criminal and subsequent civil case, and finding no authority for proposition that a public prosecutor – after completing his investigation, failing to obtain an indictment, and announcing that no further action would be taken by him – is entitled to rely upon the work product doctrine when the fruits of his investigation become relevant to civil litigation to which he is not a party); *Klein v. Jefferson Parish School Bd.*, 2003 WL 1873909 (E.D. La. April 10, 2003) (finding work product immunity inapplicable to district attorneys' prosecution files where plaintiff in a civil § 1983 case sought all written notes taken during the course of the criminal investigation underlying the civil lawsuit); *Ostrowski v. Holem*, 2002 WL 31956039, at *3 (N.D. Ill. Jan. 21, 2002) (finding that work product privilege did not apply where plaintiff sought to obtain production of prosecutorial files from her prior prosecution); *Carter v. City of Philadelphia*, 2000 WL 632988, at *1 (E.D. Pa. May 5, 2000) (finding work product did not apply in civil case "to materials prepared by the District Attorney's office for the trial of a criminal case brought by the Commonwealth against plaintiff"); *Hernandez v. Longini*, 1997 WL 754041, at *2 (N.D. Ill. November 13, 1997) (finding that work product privilege did not apply where plaintiff in § 1983 claim wanted to obtain the prosecutor's criminal files from plaintiff's prior prosecution for aggravated battery of a police officer).

Here, the court need not decide whether Rule 26(b)(3) applies to notes Laurent made while preparing for the coroner's inquest; even were the court to find the rule applicable to such notes, the non-party deputy district attorney cannot assert work product immunity for them here because he's not a party to the present litigation, nor is he a "representative of" a party in this litigation for whom the work product was prepared. *Doubleday*, 149 F.R.D. at 606 (citing *In Re Cal. Pub. Utils. Comm'n*, 892 F.2d at 781); *see Graham*, 555 F. Supp. 2d at 1050. Simply being a subpoenaed witness is not enough. *Doubleday* 149 F.R.D. at 606. Importantly, production of Laurent's notes will not impede an ongoing investigation or litigation, inasmuch as the coroner's inquest is concluded and did not lead to any such investigation or litigation. Moreover, the rule's policy interest in protecting against "the potential economic vice of a less diligent attorney raiding the file of a previously diligent attorney" is not

thwarted where, as here, the work product was prepared in a context unrelated to the later civil case preparation. *Id.* at 607 ("The potential economic vice of a less diligent attorney raiding the file of a previously diligent attorney is lacking in the context of a former criminal defendant, now plaintiff, seeking information from criminal files of a previous prosecution.").

Finally, having reviewed the disputed document, the court also notes that the document does not appear to contain any of Laurent's personal impressions regarding the underlying shooting, the officer involved in the shooting, or any witness. Rather, the document contains an outline of the anticipated fact testimony that was to be elicited at the inquest from several witnesses to the shooting, and is based largely on the police reports provided to the district attorney's office. Rule 26(b)(3) does not flatly prohibit the disclosure of work product unless the documents sought contain the "mental impressions, conclusions, opinions or legal theories" of counsel or a party's representative.

Accordingly, and for the reasons set forth above,

IT IS ORDERED that plaintiffs' Motion to Compel (#61) is GRANTED. The Office of the District Attorney of Clark County shall forward to plaintiff's counsel a copy of Christopher Laurent's memo not later than <u>March 14, 2011</u>.

DATED this 8th day of March, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**