# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RONALD NEIL JOSEPH, SR., *et al.*,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et. al.*,

    Defendants.

2:09-cv-00966-HDM-LRL

**O R D E R**

Before the court is defendants' Motion to Stay Discovery on *Monell* Claim (#75), to which plaintiffs filed an Opposition (#84) and defendants a Reply (#90). Also before the court is plaintiffs' Motion to Extend Discovery Deadlines and For Sanctions (#88), to which defendants filed an Opposition (#94) and plaintiffs a Reply (#98).

Plaintiffs filed this § 1983 action on May 29, 2009, alleging that defendants Las Vegas Metropolitan Police Department ("LVMPD") and Sgt. Sara Bradshaw used excessive force when Sgt. Bradshaw shot and killed Ronald Neal Joseph, Jr. on June 6, 2007. Pursuant to the court's order on defendants' Motion to Dismiss (#10), the claims that remain are: the decedent's estate's Fourth Amendment claim for excessive force; the estate's Fourteenth Amendment claim alleging an equal protection violation on the basis of the decedent's race; and the decedent's parents' Fourteenth Amendment due process claims for loss of familial companionship. *See* Minutes (#15). Plaintiffs also plead that LVMPD "in its custom, pattern and practice, systematically fosters and supports the use of excessive deadly force by its police officers," and "has failed to take reasonable action to prevent the successive routine use of deadly force, including the routine use of deadly force that resulted in the killing of Ronald Neal Joseph, Jr., an African American male." These latter claims are, in essence,

*Monell*[1] claims against LVMPD.

The initial discovery cutoff date in this matter was January 31, 2011. Scheduling Order (#23). Defendants were served with plaintiffs' first discovery requests on June 7, 2010. On September 14, 2010, plaintiffs filed a Motion to Compel (#36), which the court granted in part on December 10, 2010. Order (#56). Pursuant to that order, the defendants were to supplement responses to certain interrogatories and requests for production; additionally, the parties were to submit a joint protective order for the court's approval not later than December 30, 2010, to ensure the confidentiality of defendants' production. When the parties couldn't agree on an appropriate protective order, plaintiffs filed a Motion for Protective Order (#60) on December 30, 2010. After full briefing, the court denied plaintiffs' motion (#60) and ordered defendants to submit their proposed protective order, amended pursuant to the court's instructions, for approval not later than February 2, 2011. Order (#70). The court also granted plaintiffs' Motion to Extend Discovery Deadlines (#53); the discovery cutoff date was extended until March 3, 2011. *Id.*[2]

Meanwhile, on December 27, 2010, plaintiffs filed a Motion (#59) for District Judge to Reconsider Order (#56). On February 3, 2011, the presiding district judge granted in part and denied in part plaintiffs' Motion (#59). The Minutes reflect that defendants stated they would produce information in compliance with the Order (#56) that day, with respect to all but one of the requests for production – Request No. 5. With regard to Request No. 5, the Order (#56) required defendants to:

> identify by name any written complaint of excessive force or racial profiling and all § 1983 lawsuits that involve allegations of excessive force in an LVMPD officer involved shooting for the five year period preceding defendants' response in this action. Defendants shall also produce any documents related to any citizen complaint of excessive force for the five year period preceding defendants' response to this action. While privacy interests do not bar production of relevant complaints, the parties must meet and confer to draft an appropriate protective order.

---

[1] *Monell v. Dep't of Social Servcs.*, 436 U.S. 658, 694 (1978) (allowing a local government to be sued under 42 U.S.C. § 1983, but only "where execution of a government's policy or custom ... inflicts the injury").

[2] The Motion to Extend Discovery Deadlines (#53) and the Order (#70) both erroneously stated that the prior discovery cutoff date was December 31, 2010.

1  The district judge expanded this portion of the order "to include that Defendants shall identify, by name
2  and case number, all lawsuits filed against Defendant LVMPD for a 5-year period pertaining to an
3  officer involved shooting."  Minutes (#74).
4        On February 2, 2011, the court entered a Protective Order (#72) in this case.  On February 4,
5  2011, defendants filed a Motion for Summary Judgment (#73).  They filed the instant Motion to Stay
6  (#75) on February 8, 2011. Thereafter, on February 11, 2011, plaintiffs filed a Motion (#77) for District
7  Judge to Reconsider Order (#70) and Protective Order (#72).  On March 1, 2011, the presiding district
8  judge denied the Motion (#77) and affirmed the Orders (##70, 72).  Also on that date, plaintiffs filed
9  the instant Motion to Extend Discovery Deadlines and For Sanctions (#88).  Discovery closed on March
10 3, 2011.
11       **Discussion**
12       As a preliminary matter, neither motion (##75, 88) was filed in complete compliance with the
13 Local Rules.  As plaintiffs point out, defense counsel failed to certify that he met and conferred with
14 plaintiffs' counsel before filing the motion to stay (#75) pursuant to LR 26-7; and plaintiffs' counsel
15 failed to file the motion to extend time (#88) "no later than twenty (20) days before the discovery cutoff
16 date."  LR 26-4.  However, the court in its discretion, and in the interest of moving this case forward,
17 will address both motions on the merits.
18 ***Motion to Stay Discovery on* Monell *Claim (#75)***
19       Defendants represent that they have produced all information responsive to plaintiffs' Fourth
20 Amendment claim, which forms the legal basis for the Fourteenth Amendment and *Monell* claims.  All
21 that remains outstanding is production related to the *Monell* pattern and practice claims.  Defendants
22 explain that the remaining discovery does not involve Bradshaw's shooting of Ronald Neal Joseph, Jr.;
23 and that they have been unable to comply with this part of the court's order because of the sheer volume
24 of information it encompasses, insofar as the category, "excessive force," may include anything from
25 verbal abuse by an officer to an officer involved shooting.  *See* Pugh Aff. at ¶ 4.  According to
26 defendants' person most knowledgeable, Melissa Pugh, it would take at least one month to compile all

1    responsive documents, even if the LVMPD were able to put two employees on the project full time. *Id.*
2    at ¶ 9.  Because of the burden and expense of such an undertaking, and insofar as the information is
3    pertinent to the plaintiffs' *Monell* claim, not their underlying Fourth Amendment excessive force claim,
4    defendants seek an order staying discovery on the *Monell* claim until the district court has ruled on its
5    Motion for Summary Judgment (#73).  Should the court deny that motion, defendants are amenable to
6    extending discovery an additional 120 days for the *Monell* claim.

7    Plaintiffs argue that the motion must be denied because defendants did not meet and confer prior
8    to filing the motion, Opp'n (#84) at 2, and because defendants' estimate of time and burden is "another
9    of their infamous red herrings, in yet another attempt to evade disclosure of relevant information."  *Id.*
10   Plaintiffs further complain that "defendants did not produce any discovery responses as ordered by this
11   court on December 10, 2010 until February 7, 2011."  *Id.* at 4.  They contend that this motion to stay,
12   combined with the "premature" Motion for Summary Judgment (#73) represent an ongoing attempt by
13   defendants to unnecessarily delay and increase costs of litigation.  *Id.* at 3, 4.

14   In determining whether to grant a protective order to stay discovery before a dispositive motion
15   is heard, courts apply the following two-part test: (1) a pending motion must be potentially dispositive
16   of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) the court
17   must consider whether the pending dispositive motion can be decided absent additional discovery.  *Pac.*
18   *Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D.Cal. 2003)
19   (internal citations omitted).  If the two above questions are answered affirmatively, the court may issue
20   a protective order.  *Id.*  "However, if either prong of this test is not established, discovery proceeds."  *Id.*
21   "Denying a protective order is particularly appropriate if a stay of discovery could preclude either party
22   from fully preparing for the pending dispositive motion."  *Id.* (internal citations omitted); *Nat'l Union*
23   *Fire Ins. Co. of Pittsburgh, PA. v. Resource Dev. Servcs., Inc.*, 2010 WL 3746290 at *1 (N.D. Cal.
24   September 18, 2010).  Both prongs of the test are met here.

25   Pursuant to *Monell*, a local government may be subject to § 1983 liability "when execution of
26   a government's policy or custom...inflicts the injury."  436 U.S. at 694.  To prevail on a *Monell* claim,

4

the plaintiff must prove: (1) a constitutional violation occurred; and (2) the deprivation came directly from a plan or policy of the municipality. *Id.* at 690-91. Before a court can properly address a *Monell* cause of action, the plaintiff first must prove an underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the [constitutional violation] is quite beside the point."). Here, plaintiffs' Fourth Amendment excessive force claim is the predicate for the *Monell* claim. Accordingly, the court's ruling on the summary judgment motion as to the Fourth Amendment claim is "potentially dispositive" of the *Monell* claim. *Pac. Lumber Co.*, 220 F.R.D. at 352. Accordingly, the first prong is met.

The second prong -- whether the pending dispositive motion can be decided absent the pending discovery -- is also met here. Defendants have produced all of the information related to the shooting of Ronald Neal Joseph, Jr. While plaintiffs argue that "the LVMPD custom, pattern and practices, are [] inextricable from the actions of Sara Bradshaw," Opp'n (#84) at 4, they do not rebut defendants' position that the only outstanding discovery in this case relates to pattern and practice evidence. Such evidence is not relevant to the underlying Fourth Amendment excessive force claim arising from the shooting. Accordingly, a stay of discovery <u>only</u> as to the *Monell* claim, pending resolution of the Motion for Summary Judgment (#73), is appropriate.

***Motion to Extend Time and For Sanctions (#88)***

Plaintiffs seek an extension of 120 days after the court's rulings on the Motion to Stay Defendant's Motion for Summary Judgment (#85) and plaintiffs' Motion to Strike (#86).[3] They represent that due to the delays in receiving discovery from defendants they've been unable to fully review responsive discovery or to take critical depositions. Mot. (#88) at 5. Defendants have "no opposition to continuing discovery for 120 days on the *Monell* issue" should the court deny the summary judgment motion. Opp'n (#94) at 4. Plaintiffs reply that they don't seek an extension of discovery with

---

[3] On March 9, 2011, the court entered an Order (#95) staying the motions (##85, 86) pending the court's rulings on the instant discovery related motions (##75, 88).

regard only to the *Monell* claims, but to all claims. Reply (#98). Plaintiffs further ask the court to sanction defendants under Rules 26(g) and 56(h), in the form of reasonable costs and attorney fees, for filing their Motion for Summary Judgment (#73) and Motion to Stay (#75), in "bad faith" and "without substantial justification." Mot. (#88) at 6.

The most recent discovery cutoff date was March 3, 2011. Order (#70). While plaintiffs seek an additional 120 days for discovery, they don't explain with specificity why such a lengthy extension is necessary to "request, obtain, and review responsive discovery in advance of scheduling depositions, and in preparation for trial." Mot. (#88) at 5. Plaintiffs do not, for example, state what discovery is completed or provide a specific description of the discovery that remains to be completed. *See* LR 26-4. They represent that certain depositions must be taken, but they don't inform the court how many depositions they intend to take or whom they intend to depose. Defendants represent that, other than production related to the *Monell* claims, they have produced all discovery responsive to the Fourth Amendment claim, including over 400 pages of documents, several CD Roms containing tangible evidence, and LVMPD's use of force policy and procedures handbook. Opp'n (#94) at 4. Plaintiffs do not specifically refute defendants' claim nor specify what other discovery remains outstanding. In light of the stay of discovery on the *Monell* claims and plaintiffs' failure to justify with requisite specificity their request for a 120 day discovery extension, the motion will be denied.

Regarding plaintiffs' request for sanctions, the court does not find that defendants have acted in "bad faith" by filing the motion to stay (#75).[4] Plaintiffs' complaint that defendants did not produce discovery until February 7, 2011 fails to appreciate that plaintiffs' motion to reconsider (#59), which directly impacted defendants' production, was not ruled upon until February 3, 2011. Defendants produced relevant discovery in compliance with the court's order immediately thereafter.

Accordingly, and for good cause shown,

. . .

---

[4] The motion for sanctions regarding the Motion for Summary Judgment is not properly before the Magistrate Judge; rather that is an issue within the purview of the presiding District Judge.

6

IT IS ORDERED that defendants' Motion to Stay Discovery on *Monell* Claim (#75) is granted. Discovery related to plaintiffs' *Monell* pattern and practice claim is hereby stayed pending further order of the court.

IT IS FURTHER ORDERED that plaintiffs' Motion to Extend Discovery Deadlines and For Sanctions (#88) is denied in all respects.

DATED this 25th day of April, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**