# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD NEAL JOSEPH, SR., et al. | |
| Plaintiffs, | 2:09-cv-00966-HDM-LRL |
| vs. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | |
| Defendants. | |

Before the court is plaintiffs' motion to strike (Docket No. 86). Defendants have responded (Docket No. 92) and plaintiffs have replied (Docket No. 97). For the following reasons the court hereby DENIES in part and GRANTS in part plaintiffs' motion to strike (Docket No. 86).

Plaintiffs move the court to strike the affidavits of John Scott Weber (Docket No. 73 Ex. 6), Randy Milmeister (Docket No. 73

Ex. 7), Sheila Rochelle White (Docket No. 73 Ex. 5), and Robert Gruzdis (Docket No. 73 Ex. 8) pursuant to Federal Rules of Civil Procedure 26(b)(3) and 37(c)(1) arguing the affidavits were not disclosed to plaintiffs.  Plaintiffs also move the court to strike decedent Ronald Neal Joseph, Jr.'s criminal history report (Docket No. 73 Ex. 2) and the Las Vegas Metropolitan Police Department's Use of Excessive Force Investigation – Administrative Report (Docket No. 73 Ex. 11) to the extent that these documents are not based on personal knowledge and are irrelevant to the claims and defenses asserted in this case.

**I.   Affidavits (Docket No. 73 Exs. 5-8)**

The Federal Rules of Civil Procedure do not require a party who has disclosed potential witnesses to reveal the declarations signed by said witnesses for use in an impending summary judgment motion.  *See Intel Corp v. Via Technologies*, 204 F.R.D. 450, 451-2 (N.D. Cal. 2001); Fed. R. Civ. P. 26(a)(1)(B).  Such declarations are considered work product up until the moment they are filed. *Id.* In addition, there is no bar to previewing testimony in a written form convenient to the court for the purpose of isolating material fact issues. *Id.*  Finally, when fact witnesses are disclosed, all parties are on notice that the disclosing side may have interviewed the witnesses and may have obtained statements. *Id.*

Plaintiffs were aware of the testimony of Weber, Milmeister, White, and Gruzdis because plaintiffs listened to the witnesses' testimony at the Coroner's Inquest and possess their voluntary

2

statements taken by the Las Vegas Metropolitan Police Department through discovery.  Defendants also identified these witnesses in their initial disclosure statement, which was sent to plaintiffs on April 8, 2010. (See Docket No. 92 Ex. 1)  On August 18, 2010, defendants served by certified mail the deposition notices for each of these witnesses on plaintiffs (who marked the notices received on August 20, 2010). (See Docket No. 86 Ex. 1)  Plaintiffs then brought a motion to quash those depositions. (Docket Nos. 31, 32, 33)  On September 7, 2010, at a hearing before this court on plaintiffs' motion to quash, the parties stipulated that the witnesses would not be deposed the week of September 7, 2010, but instead would sign affidavits.  The court also allowed plaintiffs to notice the depositions of the witnesses at a later date. (See Docket No. 35)  No depositions were ever taken.

     The witnesses (Weber, Milmeister, White, and Gruzdis) were disclosed to plaintiffs over a year ago.  Plaintiffs elected not to depose them.  Accordingly, plaintiffs' motion to strike the affidavits of John Scott Weber (Docket No. 73 Ex. 6), Randy Milmeister (Docket No. 73 Ex. 7), Sheila Rochelle White (Docket No. 73 Ex. 5), and Robert Gruzdis (Docket No. 73 Ex. 8) is hereby DENIED.  Plaintiffs shall have fifteen (15) days from the date of this order in which to respond to the affidavits should plaintiffs elect to do so.

**II.  Decedent's criminal record (Docket No. 73 Ex. 2)**

     Plaintiffs object that defendants' Exhibit 2 to the motion for

summary judgment (Docket No. 73), which is the decedent Ronald Neal Joseph, Jr.'s criminal history report from Lake Charles, Louisiana, is not relevant and inadmissable under Federal Rules of Evidence 402 and 404.  Defendants argue that the decedent's criminal history report is a public record, falls under the business record exemption to the hearsay rule, and is relevant to impeach testimony by plaintiffs regarding the decedent's criminal history.  However, defendants also concede that the decedent's criminal history is not relevant to Officer Bradshaw's shooting of the decedent and its exclusion will not affect the summary judgment motion.

The court finds that the decedent's criminal history report (Docket No. 73 Ex. 2) is not relevant to the issues presented in defendants' motion for summary judgment.  Accordingly, plaintiffs' motion to strike Exhibit 2 is hereby GRANTED.

**III. LVMPD's Use of Force Investigation – Administrative Report (Docket No. 73 Ex. 11)**

Plaintiffs argue that the Las Vegas Metropolitan Police Department's Use of Force Investigation – Administrative Report (Docket No. 73 Ex. 11) is hearsay and inadmissable under Federal Rule of Evidence 801.  Defendants argue that the report is not offered for the truth of the matter asserted, but is offered to show that the Las Vegas Metropolitan Police Department conducts thorough investigations of its officers when they are involved in shooting incidents and the report is necessary to counter plaintiffs' *Monell* claim.

4

1    The court will not consider the Use of Force Investigative
2 Report (Docket No. 73 Ex. 11) when deciding defendants' motion for
3 summary judgment on plaintiffs' Fourth Amendment excessive force
4 claim, which is the legal predicate to plaintiffs' *Monell* claim.
5 Should the court reach plaintiffs' *Monell* claim on summary
6 judgment, the court may consider the investigative report for that
7 limited purpose only.
8
9    IT IS SO ORDERED.
10    DATED this 10th day of June 2011.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE