# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD NEAL JOSEPH, SR., et al. | )<br>)<br>) |
| Plaintiffs, | ) 2:09-cv-00966-HDM-LRL |
| vs. | )<br>) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. | )<br>)<br>) |
| Defendants. | ) |

Defendants filed a motion for summary judgment on February 4, 2011 (#73). Plaintiffs filed a response to the motion for summary judgment on February 25, 2011 (#85). Plaintiffs' response (#85) did not address the merits of the motion, but instead argued that the motion was premature and requested a stay of the motion pending resolution of outstanding discovery disputes. The court granted a stay of the motion for summary judgment (#73) until the discovery

disputes were resolved (#95).  At the time the court entered its order granting a stay of the summary judgment motion (#95), there were two pending discovery motions: defendants' Motion to Stay Discovery on Plaintiffs' Monell Claim (#75) and plaintiffs' Motion to Extend Discovery Deadlines and for Sanctions (#88).  On March 10, 2011, defendants replied to plaintiffs response to the motion for summary judgment (#96).[1]

---

[1] Document #85 is titled "Response to Defendants' Motion for Summary Judgment [73]".  In it, plaintiffs asked that the court stay the motion for summary judgment "until meaningful discovery can be completed" pursuant to Federal Rules of Civil Procedure 56(d) and 56(f).  Rule 56(d) permits a court to defer considering a motion, deny it, allow time for the parties to obtain affidavits, declarations or take discovery, or issue any other appropriate order if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d).  Under Rule 56(f), a court may postpone ruling on a motion for summary judgment where the nonmoving party needs additional discovery to explore facts to justify the party's opposition. See Fed. R. Civ. P. 56(f).  Plaintiffs submitted the Declaration of Alfreda Tilman Bester in support of their Rule 56(d) request. However, the declaration fails to articulate specific facts plaintiffs need to explore in order to oppose defendants motion for summary judgment.  Instead, the declaration argues that  plaintiffs are unable to present facts to justify an opposition because the defendants have refused to produce sufficient discovery responses. (See #85, p. 5)  Still, the court stayed the motion for summary judgment pending resolution of outstanding discovery issues.  Those issues having been resolved as of June 10, 2011, the court concludes no additional discovery is warranted.

1    Discovery closed in this case on March 3, 2011.  On April 25,
2 2011, the magistrate judge entered an order (#99) granting
3 defendants' motion to stay discovery on the *Monell* claim (#75) and
4 denying plaintiffs' motion to extend discovery deadlines and for
5 sanctions (#88).  The court affirmed the magistrate judge's order
6 (#99) on June 10, 2011 (#106).  Also on June 10, 2011, the court
7 issued an order (#107) granting in part and denying in part
8 plaintiffs' motion to strike (#86), which allowed plaintiffs to
9 file affidavits of witnesses in response to defendants' motion for
10 summary judgment.
11    Since plaintiffs' response (#85) to the motion for summary
12 judgment did not address the merits, plaintiffs shall be given an
13 opportunity to respond to the merits of the defendants' motion for
14 summary judgment (#73).  Accordingly, plaintiffs shall have fifteen
15 (15) days from the date of this order in which to file a supplement
16 to their response to defendants' motion for summary judgment that
17 addresses the merits of the motion for summary judgment.  In
18 addition, defendants shall have five (5) days from the date
19 plaintiffs' supplemental response is filed in which to file a
20 supplemental reply in support of their motion for summary judgment.
21
22    IT IS SO ORDERED.
23    DATED this 10th day of June 2011.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

3