# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD NEAL JOSEPH, SR. and JANE PITRE JOSEPH | 2:09-CV-00966-HDM-LRL |
| Plaintiffs, | ORDER |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT and SARA BRADSHAW, | |
| Defendants. | |

Before the court is the defendants' Motion for Attorney's Fees. ECF No. 140. Plaintiffs have responded, ECF No. 130. The defendants argue that they are entitled to attorney's fees under 42 U.S.C. § 1988 and that the plaintiffs' attorney should be personally liable for fees under 28 U.S.C. § 1927.

A prevailing defendant in a § 1983 case may be entitled to "reasonable attorney's fees" under 42 U.S.C. § 1988 only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christainsburg Garment Co. v. EEOC*, 434 U.S. 412, 421

1

(1978); *see also Elks Nat'l Foundation v. Weber*, 942 F.2d 1480 (9 Cir. 1991) (attorney's fees may be awarded against unsuccessful plaintiffs "only if the action is meritless in the sense it is groundless or without foundation").

The Ninth Circuit has held that "a district court must avoid post-hoc reasoning concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Tutor-Salbia Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006); see *also Jensen v. City of San Jose*, 806 F.2d 899, 901 (9th Cir. 1986) (there is a "middle ground where failing claims-non-frivolous and made in good faith-are not entitled to attorney's fees").

Under 28 U.S.C. § 1927, if an attorney "unreasonably and vexatiously" multiplies the proceedings the court may require them to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." In the Ninth Circuit, the "imposition of sanctions under § 1927 requires a finding that counsel acted recklessly or in bad faith." *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (quotations omitted). Further, "sanctions should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record" *Id.* at 610 (citing *Roadway Express, Inc. V. Piper*, 447 U.S. 752 (1980)); *see also Munoz v. California Dept. Of Corrections*, 182 F.3d 926 (9th Cir. 1999).

On May 29, 2009 the plaintiffs filed their complaint. ECF No. 1. On April 6, 2010 the Magistrate Judge issued a discovery plan and scheduling order. The discovery deadline was January 31, 2011. ECF No. 23.

2

On July 13, 2010, approximately two and a half weeks before the close of discovery, the defendants filed an emergency motion to compel discovery. ECF No. 24, 8:6-17:12. On August 13, 2010, the Magistrate Judge granted the defendants' motion to compel. ECF No. 29. On August 27, 2010 the plaintiffs filed a motion for reconsideration of the Magistrate Judge's order to compel, ECF No. 31, which was denied on September 7, 2010. ECF No. 37.  Defendants filed a memorandum for $2,280 in attorney's fees and costs associated with the motion to compel that was granted by the Magistrate Judge on November 1, 2010. ECF No. 51. On May 27, 2011, defendants filed a motion for the court to enforce judgment of the sanctions. ECF No. 102. On June 21, 2011, this court ordered the plaintiffs to pay the sanctions on or before the court entered a final judgment in the matter. ECF No. 111.

On October 7, 2010, the plaintiffs filed a motion for a emergency protective order stating the plaintiffs did not have the financial means to travel to Las Vegas for depositions on October 22, 2010 and that one of the plaintiffs was medically unable to travel. ECF No. 41, ¶ 3. The Magistrate Judge denied the motion finding the plaintiffs did not provide evidence to support their assertions of financial hardship and medical inability to travel. ECF No. 47. The plaintiffs moved to reconsider the Magistrate Judge's order. ECF No. 48. At a hearing on the plaintiffs' motion for a protective order, this Court vacated the scheduled depositions and directed the defendants to file a certificate of costs associated with the depositions at the close of the case. ECF No. 50. Further, the court ordered that both plaintiffs were required to appear for video depositions no later than November 23,

3

2010 and that the plaintiffs should bear the costs of the depositions. ECF No. 50.

On September 14, 2010, the plaintiffs filed a motion to compel. ECF No. 36. The plaintiffs alleged the defendants provided incomplete responses to the plaintiffs' interrogatories and requested the court to order the defendants to provide "non-evasive" responses to their interrogatories. *See* Mem. Filed in Support at 8, ECF No. 36. Defendants responded claiming that "plaintiffs served discovery responses that exceeded the bounds of permissible discovery." Order, 2:3-5, ECF No. 56. On December 10, 2010, the Magistrate Judge granted the plaintiff's motion in part and denied it in part. ECF No. 56. The Magistrate Judge ordered that the defendants respond more fully to three of the plaintiffs' requests. ECF No. 56, 4:19-21; 5:24-26; 9:4. The court also found that certain discovery the plaintiffs requested was not relevant or did not exist. ECF No. 56, 6:8; 6:23. The Magistrate Judge further ordered that the parties work together to draft and submit an appropriate protective order for any sensitive or private information by December 30, 2010. ECF No. 56, 8:6; 11:19; 12:22; 13:9. On December 27, 2010 the plaintiffs filed a motion for reconsideration of the Magistrate Judge's ruling on the motion to compel. ECF No. 59. On February 3, 2011 this court affirmed the Magistrate Judge's order, with minor revisions. Order, ECF No. 74.

While the above issues concerning the plaintiffs' motion to compel were ongoing, the parties began drafting a protective order in accordance with the court's order. On December 30, 2010 the plaintiffs sent the defendants an e-mail regarding the over breadth of the defendant's proposed order.  Defs.' Resp. 2:19-23, ECF No.

4

88. The defendants replied they were out of town and wouldn't be able to respond until January 3, 2011. That day, December 30, the plaintiffs submitted the motion for entry of a protective order. ECF No. 60. On January 27, 2011, the Magistrate Judge denied the plaintiffs' motion and ordered the defendants to submit their proposed protective order. ECF No. 70. The defendant's submitted the proposed order, ECF No. 71, and the Magistrate Judge entered the order on February 2, 2011. ECF No. 72. Plaintiffs filed a motion for reconsideration. ECF No. 77. This court affirmed the Magistrate Judge's order on March 1, 2011. ECF No. 89.

On March 1, 2011 the plaintiffs filed a motion to extend time for discovery and to impose sanctions on the defendant for the defendant's failure to comply with discovery requests. ECF No. 88. The Magistrate Judge denied the motion on April 25, 2011. ECF No. 99. The plaintiffs filed a motion for reconsideration which was denied. ECF No. 106.

The defendants filed a motion for attorneys fees, ECF No. 121, which the court denied without prejudice to renew pending the plaintiffs' Ninth Circuit appeal. ECF No. 133. After the Ninth Circuit affirmed the courts ruling on the defendants' motion for summary judgment, ECF No. 138, the defendants filed their motion to renew. ECF No. 143.

While the defendants prevailed on their motion for summary judgment, the Court is not persuaded the lawsuit was "frivolous, unreasonable, or without foundation."*Christainsburg Garment Co.*, 434 U.S. at 421 justifying an award of fees under 42 U.S.C. § 1988.

To the extent the plaintiff filed motions that were frivolous or vexatious the court has previously awarded sanctions and costs

against the plaintiffs. Accordingly, no additional fees or sanctions will be imposed.

The defendants motion for attorneys fees is denied.

**IT IS SO ORDERED.**

DATED: This 16th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE